IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEQUOIA FINANCIAL SOLUTIONS,  )
INC.,                          )
                               )
        Plaintiff,              )
                               )
     v.                         )     No.  13 C 2983
                               )
DAVID GODFREY, JR., et al.,    )
                               )
        Defendants.             )

MEMORANDUM ORDER

This action, which like most mortgage foreclosure actions filed in this District Court predicates federal jurisdiction on diversity of citizenship, was filed on behalf of mortgagee Sequoia Financial Solutions, Inc., ("Sequoia") by counsel who offices in Georgia.[1] That initial filing marked counsel's first failure to familiarize himself with local practice in this district, for he failed to comply with the explicit directive of this District Court's LR 5.2(f), which requires the delivery of a paper copy of the complaint to the assigned judge's chambers within one business day after filing.

Although that minor and non-substantive glitch ought to have been enough to alert the out-of-state counsel to the need to familiarize himself with the substantive aspects of Illinois

---

[1] This Court has no idea as to how that Georgia connection came about, for the mortgaged property is here in Illinois and Complaint ¶1 identifies both Sequoia's place of incorporation and the location of its principal place of business as sited in California.

mortgage foreclosure practice, what counsel did after process was served on defendants was to file on July 18, 2013 a motion asking the Clerk of Court to enter an <u>order</u> of default against defendants. But this Court had earlier issued a June 28 order that called on plaintiffs to move for a default <u>judgment</u> (a motion that under Fed.R.Civ.P. ("Rule") 55(b)(2) requires court action rather than entry by the clerk).

That being the case, this Court's brief September 12 memorandum order reflected that just after the previously scheduled August 16 hearing date it "took the issue of default under advisement with the understanding that Sequoia's counsel would promptly supply the customary orders in that respect: an order of default, an order appointing a special commissioner, and a judgment of foreclosure." In an effort to assist Sequoia's lead counsel in that respect, on August 19 this Court's secretary placed a call to that lead counsel, and she was then told that he would provide the required documents within 48 hours.

It was against that background that the September 12, 2013 memorandum order concluded with this text paragraph:

> Three weeks have elapsed since then, with none of the promised documents having been provided--indeed, the only "message" from Sequoia's counsel has been that of total silence. It is not this Court's responsibility to monitor what lawyers in cases assigned to its calendar should be doing or have promised to do. Accordingly Sequoia's motion for default (Dkt. 13) is denied, and absent appropriate action on Sequoia's part on or before September 23, 2013 this action will be dismissed for want of prosecution.

2

Under the circumstances, it might have been expected that at a minimum Georgia counsel would then have sought the assistance of a local lawyer familiar with Illinois mortgage foreclosure practice -- and preferably familiar with any variations customarily applicable to such practice in the federal courts.[2]

Instead, what Sequoia's counsel submitted on September 23 were two motions: Dkt. No. 18's Motion To Appoint a Special Commissioner and Dkt. No. 17's Motion for Default Judgment. As for the first of those, the motion itself is non-problematic -- but counsel did not, as is always done, tender a draft order for signature by this Court. As for the second motion, it too did not include a proposed order -- and when that deficiency was identified to Sequoia's counsel by still another telephone call from this Court's secretary, the work product that then came from Sequoia's counsel copied a good portion of a foreclosure form that is in standard usage here -- but it lacked entirely the <u>judgment order</u> that is an essential component of every judgment in foreclosure.

In sum, the actions that have been taken on Sequoia's part cannot be characterized as "appropriate." As forecast in the

---

[2] It is not that mortgage foreclosure is a particularly complex part of the legal practice. But real estate law in general, and mortgage foreclosure practice specifically, are the quintessential examples of areas of practice where local culture and local law are likely to involve idiosyncratic aspects that call for local knowhow.

September 12 memorandum order, this action is dismissed for want of prosecution.

_____
Milton I. Shadur
Senior United States District Judge

Dated: October 1, 2013